UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-14233-MOORE
MAGISTRATE JUDGE REID

CHARLTON EDWARD LACHASE,

    Plaintiff,

v.

ST. LUCIE COUNTY JAIL,

    Defendant.
_____/

## REPORT OF MAGISTRATE JUDGE
## RE DISMISSAL FOR LACK OF PROSECUTION
## AND NON-COMPLIANCE WITH COURT ORDERS

### I.    Introduction

This matter is before the Court on a *sua sponte* review of the docket pursuant to Plaintiff's failure to adhere to the Court's "Order to Amend Complaint." [ECF No. 13]. This cause has been referred to the Undersigned for Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff, **Charlton Edward Lachase**, who is confined at Miami Federal Detention Center, filed a civil rights action pursuant to 42 U.S.C. § 1983 on July 9, 2020. [ECF No. 1]. On August 3, 2020, this Court issued an Order directing Plaintiff to file an amended complaint, on or before **August 31, 2020**. [ECF No. 13].

The Order noted that the Plaintiff's Complaint constituted a deficient "shotgun pleading" and was not filed on the proper form. [*Id.* at 1-2]. The Order further noted that Plaintiff failed to sufficiently plead what appeared to be an access to courts claim and provided Plaintiff with applicable case law on this issue. [*Id.* at 2-3]. The Court cautioned that "[f[ailure to timely file his amended complaint by **August 31, 2020** *will result in dismissal of this case*." [*Id.* at 4] (emphasis in original). As of the date of this Report, Plaintiff has not complied with the order.

Accordingly, as further discussed below, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** without prejudice for failure to prosecute and for failure to comply with the Court's Order.

## II.  Discussion

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Id.* (citing Fed. R. Civ. P. 41(b)).

Courts undoubtedly possess the power to dismiss an action for "failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). "While

dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); s*ee also Martins v. Royal Caribbean Cruises, Ltd*., No. 15-21124-CIV-GOODMAN, 2019 WL 246604, at *1 (S.D. Fla. Jan. 16, 2019) (collecting cases).

Here, Plaintiff was cautioned that "[f[ailure to timely file his amended complaint by **August 31, 2020** *will result in dismissal of this case*." [ECF No. 11 at 4] (emphasis in original). Because Plaintiff is incarcerated and *pro se*, the Undersigned gave Plaintiff additional time beyond August 31, 2020, to see if Plaintiff would file an amended complaint, to no avail.

Rather than comply with this Court's Order, Plaintiff filed a motion to increase his access to the law library. [ECF No. 15]. Even assuming the Miami FDC has limited his ability to visit the law library, he would still be able to comply with this Court's Order. Attached to the Order to Amend was a blank form § 1983 complaint for Plaintiff to complete. [ECF No. 13-1]. In order to properly raise his claims under § 1983, Plaintiff need only draw on and explain his own personal experiences, rather than provide this court with case and statutory law.

### III.  Recommendations

Based on the foregoing, it is recommended:

1. Plaintiff's Complaint [ECF No. 1] be **DISMISSED** without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute and failure to comply with the Court's order to amend.

2. This Court's order granting Petitioner *in forma pauperis* status and establishing a debt [ECF No. 11] be **VACATED**.

3. All pending motions including Petitioner's motion to have extra time in the law library [ECF No. 4], motion to reduce fee to $5.00 [ECF No. 14], and motion to increase access to law library computer [ECF No. 15], be **DENIED** as moot.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 1st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Charlton Edward LaChase**
17080104
Miami Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
*PRO SE*